

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

**07 CV   1846**

**ROBERT GORMAN,**

     **Plaintiff,**

**COMPLAINT**

**JURY TRIAL DEMANDED**

-against-

**EXPERIAN INFORMATION SOLUTIONS, INC.,**
**EQUIFAX INFORMATION SERVICES, INC.,**
**and**
**HSBC MORTGAGE SERVICES INC.,**

     **Defendants.**

------------------------------------------------------------x

   The plaintiff **ROBERT GORMAN,** (hereafter the "plaintiff" or "Mr.

GORMAN") by his attorneys Fishman & Neil, LLP, as and for his Complaint

against the defendants **EXPERIAN INFORMATION SOLUTIONS, INC.,**

(hereafter "Experian"), **EQUIFAX INFORMATION SERVICES, INC.** (hereafter

"Equifax"), and **HSBC MORTGAGE SERVICES INC.** (hereafter "HSBC"). The

plaintiff alleges as follows, upon information and belief:

## PRELIMINARY STATEMENT

  1. This is an action for actual, statutory and punitive damages, and statutory

attorney's fees, for violations of 15 USC § 1681 *et seq.* ("Fair Credit Reporting

Act" or "FCRA"). In addition, the plaintiff seeks actual and punitive damages on

his common law pendant state claim for defamation.

2.   The credit reporting agency defendants (Experian and Equifax) violated the FCRA by failing to follow reasonable procedures to assure maximum possible accuracy when preparing credit reports concerning the plaintiff. The credit reporting agency defendants also violated the FCRA by repeatedly issuing credit reports to various third-parties, pertaining to the plaintiff, which contained inaccurate information regarding a mortgage the plaintiff formerly had with HSBC, despite having received actual notice, on  repeated occasions, that such entries and information were not accurate.

3.   The credit reporting agency defendants repeatedly violated their obligations under the FCRA to properly investigate the disputed item in the plaintiff's credit file maintained by them.

4.   The credit reporting agency defendants defamed the plaintiff by repeatedly publishing to various third-parties information purportedly about him which was false and  caused him to suffer injury.

5.    The credit reporting agency defendants provided the plaintiff's credit report, containing numerous errors, inaccuracies and fraudulent information, to various third-parties who used such reports to make creditworthiness determinations about him.  As a result of such inaccurate reporting about the plaintiff, he was repeatedly denied credit and his credit score was adversely affected.

6.    The credit reporting agencies willfully violated various provisions of the FCRA and the plaintiff is entitled to an award of punitive damages pursuant to the FCRA for these willful violations.

7.    The credit reporting agency defendants willfully and maliciously defamed the plaintiff by repeatedly reporting information about him to various third parties which they knew, or reasonably should have known, was false.   As a result of such actions and conduct the plaintiff suffered damage and is entitled to an award of actual and punitive damages.

8.    HSBC violated the FCRA by failing to comply with its statutory obligation to conduct a proper investigation of the plaintiff's disputes he had filed with the credit reporting agency defendants.   Those disputes claimed that the derogatory information HSBC was reporting about the prior mortgage the plaintiff had with HSBC was not accurate.   HSBC failed to review all relevant information purportedly provided to them by such credit reporting agency defendants, and it failed to direct such consumer reporting agencies to delete inaccurate information about the plaintiff from the files maintained by them.

9.    HSBC further violated the FCRA by obtaining plaintiff's credit report without a permissible purpose to do so and under false pretenses over three years after his mortgage with HSBC's predecessor had been extinguished.

10. As a result of such conduct and omissions, the plaintiff has suffered damage and is entitled to recover pursuant to the FCRA.

3

11. In addition, HSBC's conduct was willful and, as a result, he is entitled to an award of punitive damages against HSBC pursuant to the FCRA.

12.   The plaintiff further alleges that as a direct and proximate result of the defendants' actions, conduct and omissions he suffered actual damage including, but not limited to, denials of credit, damage to his reputation - including but not limited to jeopardizing the plaintiff's security clearance with the United States Army - emotional distress, annoyance, aggravation, frustration, and legal fees to secure the defendants' compliance with the FCRA.

## JURISDICTION AND VENUE

13. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p).  This Court has supplemental jurisdiction of the state law claims asserted herein under 28 U.S.C. § 1367(a) and pendant jurisdiction over the state common law claims asserted herein.  Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

14. The plaintiff is an adult resident of Ft. Lee, New Jersey.  The plaintiff works as an attorney in the City and State of New York.  In addition, the plaintiff serves as a Captain in the United States Army Reserve, (TPU) Judge Advocate, and his Army unit's command is located in New York City.

15. The plaintiff is a "consumer" within the meaning of the FCRA [15 U.S.C. § 1681a(c)].

4

16.  Experian is an Ohio corporation, duly authorized and qualified to do business in the State of New York.

17. Experian is a "consumer reporting agency" within the meaning of the FCRA [15 U.S.C. § 1681a(f)].

18. Equifax is a Georgia corporation, duly authorized and qualified to do business in the State of New York.

19. Equifax is a "consumer reporting agency" within the meaning of the FCRA [15 U.S.C. § 1681a(f)].

20. HSBC is a Delaware corporation duly authorized and qualified to do business in the State of New York.

21. HSBC is a "furnisher of information" within the meaning of the FCRA [15 U.S.C. § 1681s-2 *et seq.*].

## FACTUAL BACKGROUND

22. In approximately December 2000 the plaintiff obtained a mortgage from HSBC's predecessor, Household Mortgage, for a home he purchased in California ("the subject HSBC mortgage").

23.  By early 2002 the plaintiff had experienced financial difficulties due to a loss of employment and, after exhausting his life's savings in an attempt to keep up with his mortgage payments, he realized that it would be impossible for him to continue to make his monthly mortgage payments.

24.    In an effort to prevent becoming delinquent on his mortgage and in order to prevent foreclosure proceedings on the property, the plaintiff entered into an agreement with Household Mortgage to grant them a "Deed in Lieu of Foreclosure" on or about April 30, 2002, which effectively ceased all obligations the plaintiff had to Household Mortgage and HSBC as of that date.

I. **Facts Pertaining to Experian**

25. On or about February 11, 2005, the plaintiff obtained a copy of his Experian credit report and discovered that HSBC was inaccurately reporting that foreclosure proceedings had been started against him for the subject HSBC mortgage in June, August and September of 2002. That tradeline also further inaccurately reported the subject mortgage as $8,072 past due as of October 2002 and 120 days past due as of May 2002.

26. Those items were not accurate, since, as described above, the plaintiff had granted HSBC's predecessor a "Deed in Lieu of Foreclosure" on or about April 30, 2002 which legally extinguished the plaintiff's debt under the subject HSBC mortgage.

27. Shortly after receiving a copy of that report the plaintiff disputed the inaccurate information in it with Experian via their online dispute procedure.

28. On or about March 20, 2005, Experian advised the plaintiff that it had investigated his dispute and had verified the accuracy of the HSBC tradeline and the manner in which it was being reported

29.   On or about July 19, 2006 the plaintiff once again obtained a copy of his Experian credit report, which continued to report the inaccurate HSBC tradeline in the same manner as its prior inaccurate reports.

30.   Accordingly, on or about August 31, 2006 the plaintiff once again submitted a dispute of the inaccurate tradeline with Experian. In that regard, the plaintiff sent Experian a detailed letter explaining precisely why the information it was reporting from HSBC was not accurate, and also enclosed a copy of the aforementioned "Deed in Lieu of Foreclosure" as proof that the HSBC tradeline was not being accurately reported by Experian.

31.   On September 8, 2006 Experian wrote to the plaintiff and told him the following: "Upon careful review of your information, we determined that we were not able to use it." The letter further explained that Experian would purportedly continue its verification process.

32.   On or about October 6, 2006 Experian completed its reinvestigation of the disputed HSBC tradeline. It stated that as a result of the plaintiffs dispute, it had "updated" the disputed tradeline. In fact, Experian "updated" the tradeline by reporting that the subject HSBC mortgage was 180 days past due as of September 2006 in the amount of $8,702. It also inaccurately stated that "creditor received deed as of Sep 2006," when, as explained above, the plaintiff gave HSBC's predecessor the subject deed on April 30, 2002.

33. Experian has repeatedly published and disseminated, and continues to

7

publish and disseminate inaccurate information regarding the erroneous HSBC tradeline in credit reports prepared about the plaintiff which it has provided to various third parties.

34. As a result, the plaintiff's credit score maintained by Experian has been adversely affected and he has suffered damage.

35. In January 2007 the plaintiff applied for a mortgage with three different mortgage companies in an attempt to obtain a mortgage so that he could move his wife and three children out of their current condominium and into a single family home.  All three applications were denied, on or about January 12, January 18 and January 31, 2007, respectively.  The plaintiff is informed and believes that each of these three denials occurred after each mortgage company reviewed the plaintiff's Experian credit report, which contained the inaccurate information about the subject HSBC mortgage, as described above, and that inaccurate information was at least partially, if not entirely, responsible for the denial of credit to the plaintiff.

II.  **Facts Pertaining to Equifax**

36. On or about February 11, 2005, the plaintiff obtained a copy of his Equifax credit report and discovered that HSBC was inaccurately reporting that the subject HSBC mortgage had a current balance of $5,980, was past due in the amount of $8,729, and was currently 120 days past due.

37. That information was not accurate, since, as described above, the plaintiff

had granted HSBC's predecessor a "Deed in Lieu of Foreclosure" on or about April 30, 2002 which legally extinguished the plaintiff's debt under the subject mortgage.

38. Shortly after receiving a copy of that report the plaintiff disputed the inaccurate information with Equifax via their online dispute procedure.

39. On or about March 23, 2005, Equifax advised the plaintiff that "This creditor has verified to Equifax that the prior paying history is being reported correctly." Equifax refused to conduct an independent reinvestigation to determine if the information it was reporting was accurate or not.

40. On or about July 20, 2006 the plaintiff once again obtained a copy of his Equifax credit report, which continued to report the HSBC tradeline inaccurately in the same manner as its previous credit reports on the plaintiff.

41. Accordingly, on or about August 31, 2006 the plaintiff once again disputed the inaccurate tradeline to Equifax. The plaintiff sent Equifax a detailed written letter explaining exactly why the information it was reporting from HSBC was not accurate, and also enclosed the aforementioned "Deed in Lieu of Foreclosure" as proof that the HSBC tradeline was not being accurately reported by Equifax.

42. On or about September 20, 2006 Equifax wrote to the plaintiff and told him that the "status of his account has been updated." However, Equifax continued to

inaccurately report that the subject HSBC mortgage was currently 90-119 days past due.

43. Equifax has repeatedly published and disseminated, and continues to publish and disseminate inaccurate information regarding the erroneous HSBC tradeline in credit reports prepared about the plaintiff which it has provided to third parties.

44. As a result, the plaintiff's credit score maintained by Equifax has been adversely affected and he has suffered damage.

45. The plaintiff applied for a mortgage with three different lenders in January 2007 in an attempt to obtain a mortgage so that he could move his wife and three children out of their current condominium and into a single family home.  All three applications were denied on or about January 12th, January 18th and January 31st, 2007, respectively.  The plaintiff is informed and believes that each of these three denials occurred after each mortgage company reviewed the plaintiffs Equifax credit report, which contained the inaccurate information about the subject HSBC mortgage, as described above, and that inaccurate information was at least partially, if not entirely, responsible for the denial of credit to the plaintiff.

### III.  Facts Pertaining to HSBC

46. On or about September 24, 2004 the plaintiff wrote a detailed letter to HSBC informing them that they were reporting false and inaccurate information to the major credit bureaus regarding his previous mortgage held by HSBC's

predecessor, Household Mortgage.

47.   That letter explained in great detail why the information being reported to the credit bureaus was inaccurate, and provided supporting documentation.  The letter concluded by asking HSBC to correct the false and inaccurate information it was sending to the credit bureaus.

48.   HSBC failed and refused to respond to the plaintiff's letter.

49.   In fact, on or about April 24, 2004 the plaintiff once again wrote to HSBC by certified mail and asked them to respond to his prior letter (and also enclosed a copy of that prior letter).  HSBC also refused to respond to the plaintiff's second letter.

50.   HSBC received at least four requests to reinvestigate the above described inaccurate information from Equifax and Experian in March 2005 and September 2006 as a result of disputes filed with those credit reporting agencies directly by the plaintiff.  HSBC at all times refused to conduct an adequate reinvestigation of the subject mortgage account, and at all times continued to knowingly report false and inaccurate information about the plaintiff to Equifax and Experian.

51.   Moreover, on or about July 15, 2005, and again on or about August 28, 2005, HSBC requested and obtained a copy of the plaintiff's Experian credit report, without having a permissible purpose to do so and under false pretenses.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST EXPERIAN**

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST EXPERIAN

52. The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

53. Experian prepared, compiled, issued, assembled, transferred, published and/or otherwise reproduced numerous consumer reports regarding the plaintiff, as that term is defined in 15 U.S.C. § 1681a(d).

54. Such reports contained entries which were inaccurate, erroneous and false. Experian knew, or should have known, that the reports contained erroneous information.

55. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the plaintiff, or in credit reports supplied to third parties, in violation of 15 U.S.C. § 1681e(b).

56. As a direct and proximate result of such conduct, the plaintiff suffered actual damage as set forth herein.

57. Experian is liable to the plaintiff for the actual damages he has sustained by reason of such conduct, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681o.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST EXPERIAN

58. The plaintiff repeats and realleges each and every allegation set forth

above as if reasserted and realleged herein.

59. Experian prepared, compiled, issued, assembled, transferred, published and/or otherwise reproduced numerous consumer reports regarding the plaintiff, as that term is defined in 15 U.S.C. § 1681a(d).

60. Such reports contained entries which were inaccurate, erroneous and false.  Experian knew, or should have known, that he reports contained erroneous information.

61. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the plaintiff or in credit reports supplied to third parties, in violation of 15 U.S.C. § 1681e(b).

62. As a direct and proximate result of such conduct, the plaintiff suffered actual damage as set forth herein.

63. Experian is liable to the plaintiff for the actual damages he has sustained by reason of such conduct, in an amount to be determined by the trier of fact, together with punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST EXPERIAN

64. The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

65. Experian negligently failed to adopt and/or follow reasonable procedures to insure the proper reinvestigation, accuracy, deletion and/or permanent suppression of inaccurate information appearing in the plaintiff's consumer reports as contained in its files pertaining to the plaintiff or in credit reports supplied to third parties in violation of 15 U.S.C. § 1681i.

66.  As a direct and proximate result of such conduct, the plaintiff suffered actual damages as set forth herein.

67.  Experian is liable to the plaintiff for the actual damages he has sustained by reason of such conduct, in an amount to be determined by the trier of fact as well as his reasonable attorney's fees and he may recover therefore pursuant to 15 U.S.C. § 1681o.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST EXPERIAN

68. The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

69. Experian willfully failed to adopt and/or follow reasonable procedures to insure the proper reinvestigation, accuracy, deletion and/or permanent suppression of inaccurate information appearing in the plaintiff's consumer reports as contained in its files pertaining to the plaintiff or in credit reports supplied to third parties in violation of 15 U.S.C. § 1681i.

70. As a direct and proximate result of such conduct, the plaintiff suffered actual damages as set forth herein.

71. Experian is liable to the plaintiff for the actual damages he has sustained by reason of such conduct, in an amount to be determined by the trier of fact, together with punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees and he may recover therefore pursuant to 15 U.S.C. § 1681n.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST EXPERIAN

72. The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

73. Experian maliciously defamed the plaintiff by knowingly publishing erroneous and inaccurate adverse tradeline accounts and other erroneous information described herein to third-parties.

74. Experian had actual knowledge that the information it published about the plaintiff was  false and inaccurate.

75. Experian's actual knowledge of the falsity and reckless disregard for the truth demonstrates its malice and/or willful intent to injure the plaintiff.

76. As a direct and proximate result of such conduct, the plaintiff suffered actual damages as set forth herein.

77. Experian is liable to the plaintiff for the actual damages he has sustained by reason of such conduct.

78. The plaintiff is entitled to an award of punitive damages from Experian in an amount sufficient to punish it for its conduct as well as to serve as a deterrent to it

and to others to prevent the occurrence of such outrageous conduct in the future.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST EQUIFAX

79. The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

80. Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced numerous consumer reports regarding the plaintiff, as that term is defined in 15 U.S.C. § 1681a(d).

81. Such reports contained numerous entries which were inaccurate, erroneous and false. Equifax knew, or should have known, that the reports contained erroneous information.

82. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the plaintiff, in violation of 15 U.S.C. § 1681e(b).

83. As a direct and proximate result of such conduct, the plaintiff suffered actual damage as set forth herein.

84. Equifax is liable to the plaintiff for the actual damages he has sustained by reason of such conduct, in an amount to be determined by the trier of fact, together with punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681o.

16

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST EQUIFAX

85. The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

86. Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced numerous consumer reports regarding the plaintiff, as that term is defined in 15 U.S.C. § 1681a(d).

87. Such reports contained entries which were inaccurate, erroneous and false. Equifax knew, or should have known, that the reports contained erroneous information.

88. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the plaintiff or in credit reports supplied to third parties, in violation of 15 U.S.C. § 1681e(b).

89. As a direct and proximate result of such conduct, the plaintiff suffered actual damages as set forth herein.

90. Equifax is liable to the plaintiff for the actual damages he has sustained by reason of such conduct, in an amount to be determined by the trier of fact, together with punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees and he may recover therefore pursuant to 15 U.S.C. § 1681n.

17

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST EQUIFAX

91. The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

92. Equifax negligently failed to adopt and/or follow reasonable procedures to insure the proper reinvestigation, accuracy, deletion and/or permanent suppression of inaccurate information appearing in the plaintiff's consumer reports as contained in its files pertaining to the plaintiff or in credit reports supplied to third parties in violation of 15 U.S.C. § 1681i.

93. As a direct and proximate result of such conduct, the plaintiff suffered actual damages as set forth herein.

94. Equifax is liable to the plaintiff for the actual damages he has sustained by reason of such conduct, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees and he may recover therefore pursuant to 15 U.S.C. § 1681o.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST EQUIFAX

95. The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

96. Equifax willfully failed to adopt and/or follow reasonable procedures to insure the proper reinvestigation, accuracy, deletion and/or permanent suppression of inaccurate information appearing in the plaintiff's consumer reports as contained in its files pertaining to the plaintiff or in credit reports

18

supplied to third parties in violation of 15 U.S.C. § 1681i.

97. As a direct and proximate result of such conduct, the plaintiff suffered actual damages as set forth herein.

98. Equifax is liable to the plaintiff for the actual damages he has sustained by reason of such conduct, in an amount to be determined by the trier of fact, together with punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees and he may recover therefore pursuant to 15 U.S.C. § 1681n.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST EQUIFAX

99. The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

100.  Equifax maliciously defamed the plaintiff by its knowing publication to third-parties of the erroneous and inaccurate adverse tradeline accounts and other erroneous information described herein.

101.  Equifax had actual knowledge of the false, inaccurate and fraudulent nature of such information and published it despite having such knowledge.

102.  Equifax's actual knowledge of the falsity and reckless disregard for the truth demonstrates its malice and/or willful intent to injure the plaintiff.

103.  As a direct and proximate result of such conduct, the plaintiff suffered actual damages as set forth herein.

104.  Equifax is liable to the plaintiff for the actual damages he has sustained

by reason of such conduct.

105.  The plaintiff is entitled to an award of punitive damages from Equifax in

an amount sufficient to punish it for its conduct as well as to serve as a deterrent

to it and to others to prevent the occurrence of such egregious conduct in the

future.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST HSBC

106.  The plaintiff repeats and realleges each and every allegation set forth

above as if reasserted and realleged herein.

107.  After being informed by the credit reporting agencies that the plaintiff

disputed the accuracy of the information it was providing, HSBC negligently failed

to conduct a proper investigation of the plaintiff's dispute that pertained to the

erroneous HSBC tradeline, filed with the national consumer reporting agencies,

as required by 15 U.S.C. § 1681s-2(b)(A).

108.  HSBC negligently failed to review all relevant information purportedly

provided by such credit reporting agencies to HSBC in conducting its

investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

109.  HSBC negligently failed to direct such consumer reporting agencies to

delete inaccurate information about the plaintiff pertaining to the HSBC account,

as required by 15 U.S.C. § 1681s-2(b)(C).

110.  The plaintiff has a private right of action to assert claims against HSBC

arising under 15 U.S.C. § 1681s-2(b).

111.   HSBC is liable to the plaintiff for the actual damages he has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, together with his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681o.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST HSBC

112.   The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

113.   After being informed by the credit reporting agencies that the plaintiff disputed the accuracy of the information it was providing, HSBC willfully failed to conduct a proper investigation of the plaintiff's dispute, filed with the national consumer reporting agencies, that pertained to the erroneous HSBC tradeline, as required by 15 U.S.C. § 1681s-2(b)(A).

114.   HSBC willfully failed to review all relevant information purportedly provided by such credit reporting agencies to HSBC in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

115.   HSBC willfully failed to direct such consumer reporting agencies to delete inaccurate information about the plaintiff pertaining to the erroneous HSBC tradeline as required by 15 U.S.C. § 1681s-2(b)(C).

116.   The plaintiff has a private right of action to assert claims against HSBC arising under 15 U.S.C. § 1681s-2(b).

117.   HSBC is liable to the plaintiff for the actual damages he has sustained by

reason of its violation of the FCRA, in an amount to be determined by the trier of fact, together with an award of punitive damages to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST HSBC

118.  The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

119.  HSBC maliciously defamed the plaintiff by its knowing publication to third-parties of the erroneous and inaccurate and adverse tradeline accounts and other erroneous information described herein.

120.  HSBC had actual knowledge of the false and inaccurate nature of such information and published it despite having such knowledge.

121.  HSBC's actual knowledge of the falsity and reckless disregard for the truth demonstrates its malice and/or willful intent to injure the plaintiff.

122.  As a direct and proximate result of such conduct, the plaintiff suffered actual damages as set forth herein.

123.  HSBC is liable to the plaintiff for the actual damages he has sustained by reason of such conduct.

124.  The plaintiff is entitled to an award of punitive damages from HSBC in an amount sufficient to punish it for its conduct as well as to serve as a deterrent to it and to others to prevent the occurrence of such egregious conduct in the future.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST HSBC

125.  The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

126.  HSBC negligently violated 15 USC § 1681b(f) by obtaining consumer reports pertaining to the plaintiffs without a permissible purpose.

127.  As a result of HSBC's conduct and actions, the plaintiff sustained actual damage.  HSBC is liable to the plaintiff for such damages, as well as his statutory costs and attorney's fees in enforcing this action, under 15 USC § 1681o.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST HSBC

128.  The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

129.  HSBC willfully violated 15 USC § 1681b(f) by obtaining consumer reports pertaining to the plaintiff without a permissible purpose.

130.  As a result of HSBC's conduct and actions, the plaintiff sustained actual damage.  HSBC is liable to the plaintiff for such damages, as well as an award of punitive damages, statutory costs and attorney's fees in enforcing this action, under 15 USC § 1681n.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST HSBC

131.  The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

23

132. The defendant violated 15 USC § 1681q by knowingly and willfully obtaining information from Experian pertaining to the plaintiff under false pretenses.

133. As a result of HSBC'S conduct and actions, the plaintiff sustained actual damage. HSBC is liable to the plaintiff for such damages, as well as an award of punitive damages and his statutory costs and attorney's fees in enforcing this action, under 15 USC § 1681o.

**WHEREFORE**, the plaintiff demands judgment against Experian, Equifax, and HSBC, on the claims set forth above, together with the interest, costs, disbursements of this action and such other relief as may be just.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION ASSERTED HEREIN.**

Dated: March 2, 2007                Respectfully submitted,

JAMES B. FISHMAN (jbf 8998)
KEVIN C. MALLON (kcm 4798)
FISHMAN & NEIL, LLP
305 Broadway, Suite 900
New York, NY  10007
(212) 897-5840
Attorneys for the Plaintiff
www.consumeratty.net